**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MATEO AMAURI GARCIA PEREZ,**

Petitioner,

v. Civil Action No. **3:26CV1328 (RCY)**

**MARKWAYNE MULLIN, *et al.*,**

Respondents.

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Mateo Amauri Garcia Perez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 1). Petitioner has paid the filing fee, and the Petition complies with Rule 2(c)(5) of the Rules Governing § 2254 Cases in U.S. District Courts.[1] The Court therefore **ORDERS** that the Petition is duly **FILED**. However, the Petition suffers from a defect that prevents this action from proceeding further. For the reasons set forth below, the § 2241 Petition will be DISMISSED because, at this juncture, it is not ripe for judicial disposition and thus the Court lacks jurisdiction to adjudicate the claims therein.

## I. RELEVANT BACKGROUND

Petitioner is a native and citizen of Guatemala. Pet. ¶ 34. Petitioner arrived in the United States as a minor in 2018 and entered without inspection or admission; he has remained in the United States since that time. *Id.* In late 2025, Petitioner was involved in and subsequently charged in connection with a domestic incident; he was sentenced to probation. *Id.* ¶ 36. On

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007). The Court is satisfied that Petitioner's mother has made the requisite "next friend" showing. *Hamdi v. Rumsfeld*, 294 F.3d 598, 603–04 (4th Cir. 2002).

August 27, 2026, while reporting to his probation officer, Petitioner was approached by U.S. Immigration and Customs Enforcement ("ICE") agents and was taken into custody. *Id.* ¶ 37. Petitioner has remained continuously detained since that date. *Id.*

On October 13, 2026, the Court received the instant § 2241 Petition, filed by counsel for Petitioner and signed and verified by Petitioner's mother, acting as Petitioner's next friend. *See generally id.* The Petition claims that Petitioner has been improperly denied a bond hearing and that he is not subject to mandatory detention. *Id.* at 1–2. Petitioner asks the Court to order his "immediate release from custody" or, "in the alternative, [order] that Respondents conduct a bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a) within 7 days." *Id.* at 17. Petitioner has not, however, sought a bond hearing before an immigration judge. *Id.* ¶ 41.

## II. STANDARD OF REVIEW

The Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . ."). "[Federal] Rule [of Civil Procedure]12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Id.* (quoting Fed. R. Civ. P. 12(h)(3)).

## III. ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Here, Petitioner argues that Respondents' act of detaining Petitioner without a bond hearing "violate[s] Petitioner's statutory right to a bond redetermination hearing in front of an immigration judge" and otherwise constitutes a deprivation of his right to due process. Pet. ¶¶ 47, 51. The Court finds that these claims are not ripe, however, because Respondents have not, in fact, *denied*

Petitioner a bond hearing. Rather, Petitioner's claims rest upon a future contingency—his "inten[tion] to seek a bond hearing before an immigration judge as soon as practicable." *Id.* ¶ 41. Petitioner is entitled to ask the *Immigration Court* for a bond hearing from an Immigration Judge, where he can argue that he should not be subject to detention. Petitioner's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur." *Texas*, 523 at 300 (cleaned up). Petitioner can only seek the relief he desires if he files a request for a bond hearing from the Immigration Court, allows such request to proceed to review, and is thereafter denied a hearing. This is not a question of administrative exhaustion, as Petitioner frames it; it is a question of whether the jurisdictional predicate of ripeness is satisfied, such that the Court will be effectuating more than simply issuing an advisory opinion that Petitioner should be afforded a bond hearing if and when he requests one. Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.

## IV. CONCLUSION

For the reasons set forth above, the § 2241 Petition (ECF No. 1) will be DISMISSED for lack of jurisdiction.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 15, 2026
Richmond, Virginia